United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENIOUS BREWSTER,<br><br>    Plaintiff,<br><br>v.<br><br>MILLS, et al.,<br><br>    Defendants. | Case No. 20-cv-03254-HSG<br><br>**ORDER OF PARTIAL SERVICE; DISMISSING ONE CLAIM WITH LEAVE TO AMEND; DISMISSING PLAINTIFF GARCIA; ADDRESSING REMAINING PENDING MOTIONS**<br><br>Re: Dkt. Nos. 2, 8 |

Plaintiffs Augustin Garcia and Cenious Brewster, inmates at San Francisco County Jail, have filed the instant *pro se* action pursuant to 42 U.S.C. § 1983 alleging that correctional officials at San Francisco County Jail violated their constitutional rights. Their complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

Plaintiff Brewster alleges that San Francisco County Jail deputy Mills has subjected him to sexual slurs since he was assigned as pod deputy of the month and that San Francisco County Jail deputy Prado stands by and does nothing but laugh. Usually defendant Mills makes these slurs outside of camera view, but, on April 15, 2020, around 2:06 p.m., defendant Mills is on camera coming down the stairs and looking up at plaintiff Brewster's cell, saying that this is his jail, he'll do what he wants, he'll make Brewster suck his dick until his body shakes. Deputy Prado looked on, laughed, and did nothing to stop the sexual taunting and harassment. Plaintiff Brewster filed an administrative grievance regarding defendant Mills' sexual harassment. In retaliation for plaintiff Brewster's grievance, deputy Seng falsely accused plaintiff Brewster of gassing and had plaintiff Brewster wrongfully placed in a safety cell and deputy Nguyen wrote plaintiff Brewster up.

Plaintiff Garcia alleges that, on either April 20 or 21, 2020, he was called to see the nurse and was escorted by defendant Mills. Defendant Mills placed the cuffs on plaintiff Garcia's wrists extremely tightly. When plaintiff Garcia asked why the cuffs were so tight, defendant Mills responded that it is sexy when the face displays pain. During plaintiff Garcia's healthcare

1    appointment, defendant Mills stood at the door, eyeing plaintiff Garcia in a sexual manner and

2    winking.  Upon leaving the appointment, plaintiff Garcia asked defendant Mills to stop harassing

3    him and why did defendant Mills look at him that way.  Defendant Mills responded that he loves a

4    healthy fish.  On plaintiff Garcia's way back to his cell, plaintiff Garcia told a friend that he had a

5    few dollars for hygiene.  Defendant Mills then told plaintiff Garcia that he loves a clean fish and

6    that plaintiff should hurry his sexy ass back upstairs.  Plaintiff Garcia told defendant Mills to

7    please stop sexually harassing him, but defendant Mills just laughed at him.

**C.    Analysis**

      **1.    Dismissal of plaintiff Garcia**

The use of co-plaintiffs presents a procedural problem unique to prisoner litigation.  The main problem with having unrepresented inmates proceeding as co-plaintiffs is that inmates lack control over their ability to access each other to prepare documents and prosecute a case.  Inmates are frequently moved.  The plaintiffs may not have access to each other in the future to prepare documents and to discuss the case.  Even inmates who initially are physically close to each other often do not remain so for the months or years that it takes for a case to work its way through to judgment.  Perhaps one plaintiff will be moved to a different facility or be released from custody all of which will make their joint prosecution of this case inordinately more difficult.  The slow pace of plaintiffs' communications with each other will result in extensive delays at each point in the litigation where they are required to file anything with the court.  The record indicates that plaintiffs Garcia and Brewster already face difficulty in communicating with each other.  Plaintiff Garcia has filed a motion requesting that the Court order prison officials to authorize in-person meetings between himself and plaintiff Brewster, stating that they are otherwise unable to meet.  Dkt. No. 8.

In addition, as *pro se* plaintiffs, none of the plaintiffs have the authority to represent the others.  *See Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself").  Thus, this case will be delayed as any potential filing from the plaintiffs is shuttled back and forth between the plaintiffs until both are comfortable signing it.  One alternative is to permit the plaintiffs to file separate

documents, but this essentially results in multiple cases within a case, which has few benefits to match the substantial confusion caused by it.

"A district court possesses inherent power over the administration of its business." *Spurlock v. Federal Bureau of Investigation*, 69 F.3d 1010, 1016 (9th Cir. 1995); *see Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) (district court possesses inherent power to control its docket, as long as power is exercised in a manner consistent with rules and statutes). This power includes the authority to promulgate and enforce rules for the management of litigation and the court's docket. *Spurlock*, 69 F.3d at 1016 (citations omitted); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (inherent powers are tools for "'control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases'"). The Court concludes that having the plaintiffs proceed in separate cases will make their claims easier to manage and resolve. The Court further notes that while plaintiff Brewster has claims against defendants Mills, Prado, Seng, and Nguyen, plaintiff has a claim against defendant Mills only; and the plaintiffs' claims arise out of different incidents. The Court DISMISSES plaintiff Garcia from this action.[1] The dismissal is without prejudice to Garcia filing a new complaint in which he asserts only his claims. The Clerk is directed to send plaintiff Garcia two copies of the court's complaint form.

Plaintiff Garcia's request for leave to proceed *in forma pauperis* is DENIED as moot. Dkt. No. 2. Plaintiff Brewster will be granted leave to proceed *in forma pauperis* in a separate order.

Plaintiff Garcia's request for a court order to communicate with plaintiff Brewster is DENIED as moot. Dkt. No. 8.

All further filings by Brewster concerning his claims must be filed in the present case (i.e., Case No. 20-cv-3254 HSG) and must list only Cenious Brewster as a plaintiff.

**2.   Plaintiff Brewster's Claims**

A prisoner may state an Eighth Amendment claim under Section 1983 for sexual

---

[1] As discussed below, mere verbal sexual harassment does not necessarily amount to an Eighth Amendment violation. *Austin v. Williams*, 367 F.3d 1167, 1171-72 (9th Cir. 2004). It is unclear that plaintiff Garcia's allegation of a single instance of sexually suggestive comments states a cognizable Eighth Amendment claim.

4

harassment if the alleged sexual harassment was sufficiently harmful, i.e., a departure from "the evolving standards of decency that mark the progress of a maturing society," and the defendant acted with intent to harm the prisoner. *See Thomas v. District of Columbia*, 887 F. Supp. 1, 3-4 (D.D.C. 1995) (citing *Hudson v. McMillian*, 503 U.S. 1, 6, 8 (1992)) (internal quotations and citation omitted). When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are always violated, *see Hudson*, 503 U.S. at 9, and no lasting physical injury is required to state a cause of action, *Schwenk v. Hartford*, 204 F.3d 1187, 1196 (9th Cir. 2000). Sexual assault, coercion and harassment certainly may violate contemporary standards of decency and cause physical and psychological harm. *See Jordan v. Gardner*, 986 F.2d 1521, 1525–31 (9th Cir. 1993) (en banc). "A prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020). However, mere verbal sexual harassment does not necessarily amount to an Eighth Amendment violation. *Austin v. Williams*, 367 F.3d 1167, 1171-72 (9th Cir. 2004) (upholding summary judgment dismissal of Eighth Amendment claim where prison guard exposed himself to prisoner in elevated, glass-enclosed control booth for no more than 30-40 seconds). A prisoner therefore must establish that the alleged sexual harassment was egregious, pervasive and/or widespread in order to state a claim under the Eighth Amendment. *See, e.g., Jordan*, 986 F.2d at 1525-31 (prison policy requiring male guards to conduct body searches on female prisoners); *Watson v. Jones*, 980 F.2d 1165, 1165-66 (8th Cir. 1992) (correctional officer sexually harassed two inmates on almost daily basis for two months by conducting deliberate examination of genitalia and anus). Plaintiff's allegation that defendant Mills made suggestive verbal comments over an unspecified period of time, and that defendant Prado watched and did not intervene, has not established an egregious, pervasive or widespread pattern of sexual harassment. This claim will be DISMISSED with leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("a district court should grant leave to amend even if no request to amend the

5

1 pleading was made, unless it determines that the pleading could not possibly be cured by the
2 allegation of other facts") (citation and internal quotation marks omitted); *see also Ramirez v.*
3 *Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (leave to amend "should be granted more liberally to
4 pro se plaintiffs"). If plaintiff chooses to amend this claim, he must set forth factual allegations
5 regarding how defendants Mills and Prado's verbal comments subjected him to an egregious,
6 pervasive or widespread pattern of sexual harassment that raise plaintiff's right to relief above a
7 speculative level.

Plaintiff's allegations that defendant Seng wrongfully accused him of gassing and
defendant Nguyen wrote him up, in retaliation for the grievance plaintiff filed against defendant
Mills, states a cognizable First Amendment retaliation claim against defendants Seng and Nguyen.
*Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable
claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state
actor took some adverse action against an inmate (2) because of (3) that prisoner's protected
conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and
(5) the action did not reasonably advance a legitimate correctional goal.") (footnote omitted).

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. The Court DISMISSES plaintiff Garcia from this action. The dismissal is without prejudice to Garcia filing a new complaint in which he asserts only his claims. The Clerk is directed to send plaintiff Garcia two copies of the Court's complaint form. Plaintiff Garcia's request for leave to proceed *in forma pauperis* is DENIED as moot. Dkt. No. 2. Plaintiff Brewster will be granted leave to proceed *in forma pauperis* in a separate order. Plaintiff Garcia's request for a court order to communicate with plaintiff Brewster is DENIED as moot. Dkt. No. 8.

2. Liberally construed, the complaint states a cognizable First Amendment retaliation claim against defendants San Francisco County Jail deputies Seng and Nguyen.

3. Plaintiff's Eighth Amendment claim against defendants San Francisco County Jail deputies Mills and Prado is DISMISSED with leave to amend. If plaintiff chooses to file an amended complaint, he must file the amended complaint within twenty-eight (28) days of the date

of this order. The amended complaint must include the caption and civil case number used in this order, Case No. 20-cv-03254 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaints by reference. In his amended complaint, plaintiff must set forth all the claims he wishes to present and all the defendants he wishes to sue, including the First Amendment retaliation claim found cognizable above and the defendants served below. Failure to file an amended complaint in accordance with this order in the time provided will result in the initial complaint (ECF No. 1) remaining the operative complaint and defendants Mills and Prado being dismissed from this action. The Clerk shall include two copies of a blank complaint form with a copy of this order to plaintiff.

4. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint (Dkt. No. 1), with all attachments thereto, and a copy of this order upon **defendants Seng and Nguyen at San Francisco County Jail Administration/Main Office, City Hall, Room 456, 1 Dr. Carlton B. Goodlett Place, San Francisco, CA 94102.** A courtesy copy of the complaint with attachments and this order shall also be mailed to the San Francisco City Attorney's Office, City Hall, Room 234, 1 Dr. Carlton B. Goodlett Place, San Francisco, CA 94102.

5. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than 91 days from the date this order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir.

1   2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be

2   served concurrently with motion for summary judgment).[2]

3       b.  Plaintiff's opposition to the summary judgment or other dispositive motion

4   must be filed with the Court and served upon defendants no later than 28 days from the date the

5   motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment

6   provided later in this order as he prepares his opposition to any motion for summary judgment.

7       c.  Defendants shall file a reply brief no later than 14 days after the date the

8   opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No

9   hearing will be held on the motion.

10     6.  Plaintiff is advised that a motion for summary judgment under Rule 56 of the

11   Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must

12   do in order to oppose a motion for summary judgment.  Generally, summary judgment must be

13   granted when there is no genuine issue of material fact – that is, if there is no real dispute about

14   any fact that would affect the result of your case, the party who asked for summary judgment is

15   entitled to judgment as a matter of law, which will end your case.  When a party you are suing

16   makes a motion for summary judgment that is properly supported by declarations (or other sworn

17   testimony), you cannot simply rely on what your complaint says.  Instead, you must set out

18   specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

19   as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and

20   documents and show that there is a genuine issue of material fact for trial.  If you do not submit

21   your own evidence in opposition, summary judgment, if appropriate, may be entered against you.

22   If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v.*

23   *Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).  (The *Rand* notice above does

---

[2] If defendants assert that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

not excuse defendants' obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

7. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once defendants are represented by counsel, all documents must be mailed to counsel rather than directly to defendants.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

9. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

10. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 7/14/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge