UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENIOUS BREWSTER,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL T MILLS, et al.,<br><br>Defendants. | Case No. 20-cv-03254-HSG<br><br>**ORDER DENYING MOTION TO DISQUALIFY COUNSEL**<br><br>Re: Dkt. No. 113 |

Pending before the Court is Plaintiff Cenious Brewster's motion to disqualify counsel Meredith B. Osborn and the San Francisco City Attorney's Office. Dkt. No. 113. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

The Ninth Circuit has cautioned that because motions to disqualify may be filed for "tactical purposes," they are "subjected to particularly strict judicial scrutiny." *See Optyl Eyewear Fashion Intern. Corp. v. Style Companies, Ltd*., 760 F.2d 1045, 1050 (9th Cir. 1985) (quotation omitted). Under Civil L.R. 11–4(a)(1), all attorneys who practice in this Court must comply with the standards of professional conduct required of members of the State Bar of California. The Court, therefore, applies state law in determining matters of disqualification. *See In re County of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000).

Here, Plaintiff contends that Ms. Osborn violated her ethical obligations and engaged in professional misconduct during the course of this case. While this is an extremely serious accusation that should never be made lightly, the Court finds that Plaintiff's allegations come nowhere close to establishing that any ethical misconduct occurred, or that disqualification is warranted (especially since Plaintiff contends, with no logical justification, that the entire City

Attorney's Office must be disqualified). Plaintiff cites three examples of alleged misconduct that all occurred almost a year ago.

*First*, Plaintiff argues that Ms. Osborn left off two of Plaintiff's proposed witnesses in a September 2021 Joint Statement of the Case. *See* Dkt. No. 13 at 3. The email correspondence from this exchange, however, indicates that this was done inadvertently as the parties exchanged drafts. *See* Dkt. No. 116-8, Ex. G. Plaintiff's counsel gave permission for Ms. Osborn to file the joint statement as it was, and counsel did not notice the omission until after the joint statement was already filed. *See id.* Ms. Osborn said she would not oppose an administrative motion to supplement. *See id.* The Court granted that administrative motion, *see* Dkt. No. 96, and in any event, the trial date was vacated, so there was no possible prejudice to Plaintiff as a result.

*Second*, Plaintiff asserts that Ms. Osborn attempted to intimidate Plaintiff's counsel in September 2021 by telling him that he was "building a bad reputation for himself in the San Francisco City Attorney's Office," and "lectured him about this reputation, ethics, and professionalism." *See* Dkt. No. 13 at 3. According to Plaintiff, Ms. Osborn also stated her belief about the futility of Plaintiff's lawsuit. *See id.* Plaintiff offers no detail to support these conclusory accusations. And in response, Ms. Osborn states that she simply expressed concern with counsel's performance in the case, including what she felt was a mischaracterization of Plaintiff's testimony. *See* Dkt. No. 116-1 at ¶¶ 9-13. Plaintiff has not identified any ethical obligation that Ms. Osborn breached during these communications. Although counsel surely disagrees with Ms. Osborn's criticisms, that does not make her conduct unethical.

*Lastly*, Plaintiff argues that during the August 2021 hearing on Defendants' motion for summary judgment, Ms. Osborn somehow misled the Court. *See* Dkt. No. 113 at 1–2. During the hearing Ms. Osborn noted that there were several cases filed against Deputy Mills, but said that her office believes that Deputy Mills "has been the target of antigay harassment by these inmates." Dkt. No. 107 at 23:22–24:19. Plaintiff asserts that there is no evidence to substantiate this claim. *See* Dkt. No. 113 at 1–3. Plaintiff points out that in another case involving a different inmate, Deputy Mills said he did not believe he was the victim of homophobic bullying, just "verbal abusive bullying." *Id.* at 1–2.

To the extent Plaintiff suggests that Ms. Osborn somehow violated her duty of candor to the Court, there is some evidence from Plaintiff's own deposition to at least support a plausible argument that Plaintiff expressed discomfort based in part on Deputy Mills' alleged sexuality. During his deposition, Plaintiff acknowledged that he had heard Deputy Mills was bisexual from other inmates. *See* Dkt. No. 116-2, Ex. A at 73:11–75:21. Plaintiff testified that it made him uncomfortable to be around Deputy Mills because "I don't get down like that," and said "[i]t's very uncomfortable to be around somebody that disrespectful . . . like, trying to get me to be what you are." *Id.* Again, Plaintiff disagrees with Ms. Osborn's interpretation of this evidence, and the Court does not need to wade into the details and nuances of the testimony. But nothing in Plaintiff's motion shows, or even suggests, that defense counsel lied to or misled the Court. And in any event, whether Deputy Mills was actually targeted by inmates was wholly irrelevant to the issues presented on the summary judgment motion.[1]

Accordingly, the Court **DENIES** the motion in its entirety. A motion to disqualify is not an appropriate vehicle to protest professional disagreements, blunt (or even critical and uncomfortable) conversations, or personal squabbles, or to jockey for tactical advantage. The Court further reminds all counsel that they are required to conduct themselves with the highest degree of professional courtesy and decorum.

**IT IS SO ORDERED.**

Dated: 7/8/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] In the opposition, defense counsel suggests that Plaintiff's conduct was "a classic example of 'gay panic,' built on harmful, pervasive, and inaccurate stereotypes that gay and bisexual men are hypersexualized and aggressively prey on straight men." Opp. at 8. This argument goes beyond anything raised previously, and clearly could create substantial prejudice at trial. While the Court need not and does not grapple with that issue now to decide this motion, the Court believes defense counsel would be wise to tread very carefully on this point.

3