UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENIOUS BREWSTER,<br><br>    Plaintiff,<br><br>v.<br><br>DANIEL T MILLS, et al.,<br><br>    Defendants. | Case No. 20-cv-03254-HSG<br><br>**ORDER RE MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 121–25, 127–31 |

Before the Court are the parties' motions in limine, filed October 18, 2022. *See* Dkt. Nos. 121–25, 127–31. The parties filed oppositions on October 25, 2022. *See* Dkt. Nos. 135–39, 146–49. The Court held a hearing on November 8, 2022. *See* Dkt. No. 158. At the hearing, the Court ruled on several motions on the record and directed the parties to file offers of proof regarding the remaining motions. The parties have filed offers of proof and responses. *See* Dkt. Nos. 163–64, 170–71. The following constitutes the Court's rulings on the remaining motions.

**I.    PLAINTIFF'S MOTIONS IN LIMINE**

    **A. Plaintiff's Motion in Limine No. 2: Criminal and Disciplinary History**

The Court **GRANTS** in part, **DENIES** in part, and **DEFERS** in part Plaintiff's Motion in Limine No. 2 per the categories below. Dkt. No. 128. The Court emphasizes that any of the preliminary rulings in this order are subject to reconsideration at trial depending on how the parties present their evidence. With respect to this motion, for example, if Plaintiff opens the door by testifying in a manner contradicted by the excluded records, that may be a basis for admitting them.

        **i.    Criminal History Record**

To the extent Plaintiff moves to exclude his prior felony convictions, the motion is

**DENIED** for the reasons stated on the record.  The convictions fit squarely within the purpose authorized by Federal Rules of Evidence 608 and 609, and Plaintiff sustained each conviction less than ten years ago.  *See* Fed. R. Evid. 608(b), 609(a)–(b).  Given the centrality of witness credibility in this case, the probative value of impeachment with these convictions is not substantially outweighed by unfair prejudice or any other Rule 403 consideration.  Defendants may thus impeach Plaintiff with these convictions as provided in Rule 609 if he testifies, subject to the standard limiting instruction cabining the purpose for which the jury can consider them.  *See* Ninth Circuit Model Civil Jury Instruction 2.9.

Plaintiff submits that if the Court admits this evidence, he would prefer that the information come in via stipulation rather than admission of certified copies of conviction records.  *See* Dkt. No. 171 at 3.  That makes sense, and Plaintiff has proposed language the Court finds appropriate.  *See id.*[1]  The Court **DIRECTS** the parties to meet and confer and file by November 21, 2022 a trial stipulation tracking Plaintiff's proposal to be read to the jury.  The parties should also prepare a corresponding modified Ninth Circuit Model Civil Jury Instruction 2.9 reflecting this concept, which the Court will read to the jury immediately after the trial stipulation.  The limiting instruction should not re-list all of the offenses, and should simply read "The evidence that a witness has been convicted of a felony may be considered . . . ."

### ii. Booking Cards

Defendants state they do not intend to introduce the 2019 booking card unless necessary for impeachment or if Plaintiff opens the door.  *See* Dkt. No. 163 at 3.  The Court thus does not need to address the admissibility of the 2019 booking card unless and until it becomes necessary.

As to the 2020 booking card, the motion is **DENIED**, assuming Defendants can properly lay the foundation they proffer in their filings.  The 2020 booking card is not hearsay because Defendants do not intend to offer it to prove the truth of the matters asserted.  *See* Fed. R. Evid. 801(c). As Defendants explain, the booking card is being introduced as evidence of what Defendants reviewed and relied on to determine Plaintiff's housing placement, and to explain how

---

[1] Defendant proposes very similar language, Dkt. No. 163 at 2, but the Court finds that specifying whether the conviction was based on state or federal law is not necessary.

that information informed their later actions. *See* Dkt. No. 163 at 2–3. This evidence will again be subject to a limiting instruction explaining that the jury is not to consider the card as evidence of the truth of the events described in it, but rather only for the permissible nonhearsay purposes described above. Plaintiff's arguments about whether Defendants actually relied on the booking card, Dkt. No. 171 at 3-5, go to foundation and may be a basis for cross-examination of defense witnesses, but do not warrant exclusion of the document if an adequate foundation can be laid.

### iii. Jail Disciplinary History

The Court **DEFERS** ruling to the extent the motion seeks to exclude Plaintiff's jail disciplinary history. Except for Exhibit 102, it is unclear to the Court whether Defendants intend to offer the records for the truth of the matter asserted. *See* Dkt. No. 163 at 3–5. The parties also have only sparsely cited any case law on the question of whether the contents of jail disciplinary records are subject to any hearsay exception, or conversely are treated like police reports (which in the Court's experience are generally treated as hearsay, whether or not they are formally business records at the first level of hearsay analysis). The Court **DIRECTS** the parties to file simultaneous supplemental briefs of no more than two pages addressing this issue by November 21, 2022. The parties should cite specific authority, preferably from the Supreme Court or the Ninth Circuit, and secondarily from any other court of appeals. The Court will then address this issue with the parties at the further pretrial conference on November 23, 2022. *See* Dkt. No. 158.

### iv. Rules Violations Before April 15, 2020

For Exhibits 136 and 137, the Court **GRANTS** the motion to the extent Defendants offer them as substantive evidence. The violations constitute prohibited propensity evidence under Rule 404(b)(1), and Defendants have not persuasively articulated any permitted purpose under Rule 404(b)(2). Defendants generically recite the 404(b) categories (such as motive, intent, and knowledge), but do not explain how any of them apply, or are relevant. To the extent these documents purportedly show that Plaintiff's actions "were not inadvertent or a mistake," Dkt. No. 163 at 6, mistake or inadvertence is not Plaintiff's theory of the case, and Defendants' description is essentially no more than an assertion of propensity. Defendants also do not explain how whatever marginal probative value the exhibits might have for those purposes is not substantially

3

1  outweighed by the risk of unfair prejudice, confusion of issues, and waste of time that would result
2  from introducing evidence about these other incidents unrelated to the sole retaliation issue
3  remaining in the case.

4  As to the March 24, 2020 incident report, Defendants' offer of proof suggests that they do
5  not seek to introduce this evidence for its truth, but rather for the nonhearsay purpose of
6  explaining the deputies' state of mind as it informed their actions. The Court **DEFERS** ruling on
7  the admissibility of this exhibit under that theory, and needs to discuss the issue in more detail at
8  the further pretrial conference.

### v.  Rules Violations After April 17, 2020

The Court **GRANTS** the motion as to all violations after April 17, 2020. The violations again constitute prohibited propensity evidence. *See* Fed. R. Evid. 404(b)(1). Defendants' argument that the violations tend to show Plaintiff's behavior from April 15–17 was "not the result of mistake or accident" under Rule 404(b)(2) is unpersuasive, as again there is currently no reason to believe Plaintiff will argue his actions were the result of mistake or accident.

### B.  Plaintiff's Motion in Limine No. 5: Antigay Harassment, Homophobia, Racism

The Court **DEFERS** ruling on Plaintiff's Motion in Limine No. 5. Dkt. No. 131. The Court directed Defendants to file an offer of proof regarding this motion. Defendants have not yet done so. The Court will discuss this issue with the parties at the further pretrial conference, and the parties need to be prepared to conclusively and clearly explain whether there is actually any live issue with respect to this motion. The parties are directed to meet and confer on this point before the further pretrial conference and make diligent and good faith efforts to clarify whether any dispute remains as to this issue and resolve the motion by agreement if at all possible.

## II.  DEFENDANTS' MOTIONS IN LIMINE

### A.  Defendant's Motion in Limine No. 2: Other Claims, Complaints, Allegations, or Internal Affairs Lawsuits Related to Defendants

The Court **GRANTS** in part and **DEFERS** in part Defendant's Motion in Limine No. 2. Dkt. No. 122.

Overall, the Court agrees with Plaintiff that the jury requires some understanding of the

harassment claim, which is necessary for them to assess the strength of Plaintiff's claim that Defendant Mills had a motive to retaliate. But Plaintiff will be limited to his own testimony about what occurred as well as the video of Mills's conduct. Plaintiff will *not* be limited to simply testifying that he attempted to submit a grievance about his interaction, as Defendants request—Plaintiff will be permitted to testify regarding his own experience of Mills's conduct, to the targeted extent proffered.

To start, Defendants state they do not object to Exhibit 26, the Internal Affairs Policy, if Plaintiff establishes relevance. *See* Dkt. No. 170 at 3. The Court will address the admissibility of the Policy if and when it becomes necessary.

For Exhibit 39, the Internal Affairs interview with Plaintiff, the Court agrees with Defendants that it is hearsay, since a party is not permitted to introduce his own (as opposed to a party opponent's) out of court statement. *See* Fed. R. Evid. 801(c), 801(d)(2)(A); *Forbes v. Cnty. of Orange*, No. SACV111330JGBANX, 2013 WL 12165672, at *8 (C.D. Cal. Aug. 4, 2013). And Plaintiff's out of court statement also does not qualify as a prior consistent statement, because it was made after Plaintiff already had a motive to fabricate (i.e., when he was being questioned in the context of an investigation of the incident). *See* Fed. R. Evid. 801(d)(1)(B); *Tome v. United States*, 513 U.S. 150, 167 (1995)). The Court thus **GRANTS** the motion as to Exhibit 39.

The Court **GRANTS** the motion as to the following exhibits related to the Internal Affairs investigation of Deputy Mills, Exhibits 38, 40–41, 45, 47, 49–50.[2] Plaintiff argues that the documents are offered to "establish timeline and investigation" and cites Federal Rule of Evidence 404(b)(2) without explanation or proffer. *See* Dkt. No. 164 at 3.[3] Defendants correctly point out that in *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1417 (9th Cir. 1986), the Ninth Circuit found that "[t]he Internal Affairs investigation and measures taken by the defendant City were

---

[2] It is unclear to the Court which listed exhibit is the video of Deputy Mills. It appears to be Exhibit 53. The Court's intention is to allow the video of Deputy Mills, but to the extent Exhibit 53 is a video of another deputy, the video will be excluded.

[3] As Defendants correctly note, these documents are hearsay: they are being offered for the truth of the matter asserted and do not fall under any exception. *See* Fed. R. Evid. 801. Plaintiff does not proffer any appropriate non-hearsay purpose for offering these documents to "establish timeline and investigation."

5

remedial measures taken after the incident," such that "evidence of these proceedings was therefore properly excluded with respect to the City's liability" under Rule 403. While Plaintiff suggests that *Maddox* only applies to municipal liability claims, or to instances in which there has been actual discipline imposed as a result of the investigation, courts in this Circuit have not read it so narrowly. *See, e.g.*, *Hernandez v. City of Los Angeles*, No. 219CV00441CASGJSX, 2022 WL 16551705, at *4 (C.D. Cal. Aug. 1, 2022) (citing *Maddox* in finding that "insofar as the plaintiff would offer evidence of the FID internal investigation to prove the officers' liability, it is appropriate to exclude such evidence as unduly prejudicial"). The Court agrees that admission of these IA records would pose the exact risk of Rule 403 prejudice and confusion of issues identified in *Maddox* and *Hernandez*, by necessitating what would amount to a mini-trial about the investigation itself, and finds that they are properly excluded on that basis.[4]

For Exhibit 45, the interview with Deputy Mills, the Court **DEFERS** ruling for now. The Court still does not understand Plaintiff's theory for introducing the interview and will discuss this exhibit with the parties at the further pretrial conference. Defendant should be prepared to address why this exhibit is not admissible as an admission of an adverse party, and Plaintiff should be prepared to address why the Court's ruling excluding the other IA records does not equally apply to this exhibit.

For exhibits related to the Internal Affairs investigation of Deputy Prado and betting, Exhibits 48, 54–60, 66, the Court **GRANTS** the motion. These documents are either hearsay, irrelevant, or excludable for prejudice, confusion, or waste of time. *See* Fed. R. Evid. 401, 403, 801. Again, Plaintiff does not proffer any applicable exception or non-hearsay purpose. And any

---

[4] Plaintiff argues in his offer of proof that many of these documents will be used to "refresh memory if needed." *See, e.g.*, Dkt. No. 164 at 3. Any document (and indeed any object) can be used to refresh a witness's recollection under Federal Rule of Evidence 612, but that is irrelevant to whether the document is admissible. The Court will strictly enforce appropriate procedure regarding any documents purportedly being used to refresh. For example, use of a document to refresh requires a showing of failure to recall. Then the witness reads the document silently (not aloud), puts it away, and then is asked if it refreshes his or her recollection. The Court will not permit inadmissible documents to be read into the record, by counsel or witnesses, under the guise of "refreshing recollection."

1   theory of retaliation arising from Prado's alleged behavior is not reasonably part of this case at this

2   late stage. Evidence related to these incidents is bound to confuse the issues and waste time at

3   trial.

### B. Defendants' Motion in Limine No. 3: Undisclosed Irrelevant Witnesses

Plaintiff withdrew Meredith Osborn as a witness at the hearing on November 8, 2022. The remaining witnesses subject to this motion are Khalid Barrow and Agustin Garcia.

The Court **GRANTS** Defendants' Motion in Limine No. 3. Dkt. No. 123. Without dispute, Plaintiff did not disclose these witnesses as required under Federal Rule of Civil Procedure 26(a). Plaintiff has not provided a persuasive argument that failure to disclose these witnesses was "substantially justified" or "harmless." Discovery in this case closed long ago, the trial date is just over a week away, and it would be unfair and prejudicial for Plaintiff to call witnesses that Defendant never had the opportunity to depose regarding the testimony Plaintiff now seeks to elicit at trial. Plaintiff accordingly may not call these witnesses at trial. *See* Fed. R. Civ. P. 37(c); *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010).[5]

### C. Defendants' Motion in Limine No. 4: Evidence Regarding Dismissed Claims

Defendants' Motion in Limine No. 4 is **GRANTED** in part and **DENIED** in part. Dkt. No. 124. The Court reiterates that Deputy Mills's conduct is relevant, but that evidence should be limited to the video of Deputy Mills and Plaintiff's own testimony as described above. The parties generally agree on this point. *See* Dkt. Nos. 164 at 7, 170 at 7–8. The Court will give the jury a limiting instruction that they are not charged with deciding whether harassment did or did not occur, but instead must consider this evidence only as it bears on whether Plaintiff has met his burden of proving retaliation.

The remaining purportedly retaliatory acts Plaintiff identifies in his offer of proof, Dkt. No. 164 at 7–10, are excluded. The alleged retaliatory act at issue in this case is, and always has been, solely the placement of Plaintiff in a safety cell for complaining about harassment. At bottom, Plaintiff is, without basis, seeking to expand his claim to encompass several new theories of

---

[5] As an unpublished Ninth Circuit decision, *Lanard Toys* is not precedent, but may be considered for its persuasive value. *See* Fed. R. App. P. 32.1; CTA9 Rule 36-3.

retaliation at an extraordinarily late stage of the case.[6]

### D. Defendants' Request to Dismiss Lt. Shannon

Defendants have asked the Court to dismiss Defendant Lt. Shannon. *See* Dkt. No. 170 at 10. This issue must be raised in a motion for judgment as a matter of law at the close of Plaintiff's case. The Court will not rule on what amounts to a very untimely motion for summary judgment on the eve of trial.

### III. CONCLUSION

Accordingly, the Court **GRANTS** in part, **DENIES** in part, and **DEFERS** in part the parties' motions in limine. This order terminates Docket Nos. 121, 123, 124, 125, 129, and 130. The Court **DIRECTS** the parties to meet and confer and file a trial stipulation to be read to the jury by November 21, 2022. The parties should also prepare a corresponding modified Ninth Circuit Model Civil Jury Instruction 2.9 as directed above. The Court **DIRECTS** the parties to file the above-described simultaneous supplemental briefing of no more than two pages with applicable case law on the admissibility of jail disciplinary records by November 21, 2022. The parties should be prepared to discuss the issues noted above at the further pretrial conference on November 23, 2022.

**IT IS SO ORDERED.**

Dated: 11/18/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[6] Further, the Court has serious doubts as to whether the identified acts even rise to the level of adverse actions sufficient to support a retaliation claim. *See* Dkt. No. 164 at 8–10 (identifying delay in investigation, giving Plaintiff "the finger," and spreading rumors as additional retaliatory acts).